UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CHARLES EVERETT WINSTON,  )<br>  )<br>        Petitioner    )<br>  )<br>        v.                  )<br>  )<br>TIM TODD,               )<br>  )<br>        Respondent   ) | No. 3:97cv0450 AS |

*MEMORANDUM AND ORDER*

On July 3, 1997, *pro se* petitioner Charles Everett Winston, an inmate at the Westville Correctional Facility (WCF) in Westville, Indiana, filed a petition pursuant to 28 U.S.C. § 2254. The response filed by the Attorney General of Indiana on October 3, 1997, demonstrates the necessary compliance with *Lewis v. Faulkner*, 689 F.2d 100 (7th Cir. 1982). The petitioner has filed a typewritten Traverse in good form consisting of six pages, plus a two-page affidavit, on February 13, 1998, which this court has carefully examined.

The petitioner is a convicted felon serving a sentence imposed by a court in the State of Indiana. At the relevant time, he was incarcerated in the WCF. This case involves a disciplinary proceeding involving this petitioner at that institution. The due process standards that are relevant are in *Wolff v. McDonnell*, 418 U.S. 539 (1974), and the evidentiary standards are in *Superintendent, Mass. Corr. Institution at Walpole v. Hill*, 472 U.S. 445 (1985). *See also Sandin v. Conner*, __ U.S. __, 115 S.Ct. 2293 (1995), *Sweeney v. Parke*, 113 F.3d 716 (7th Cir. 1997), *Meeks v. McBride*, 81 F.3d 717 (7th Cir. 1996),

*Hester v. Mc Bride*, 966 F.Supp. 765 (N.D.Ind. 1997), and *Thomas v. Newkirk*, 905 F.Supp. 580 (N.D.Ind. 1995).

The facts asserted at pages two to four of the memorandum filed by the Attorney General of Indiana on October 3, 1997, are presumed correct under 28 U.S.C. § 2254(e)(1).

There is no basis for relief here stated under 28 U.S.C. § 2254. The petition is, therefore, **DENIED. IT IS SO ORDERED**.

DATED: February 23, 1998

s/Allen Sharp
**ALLEN SHARP, JUDGE
UNITED STATES DISTRICT COURT**